[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST TO REVISE
After the court granted the defendants' motions to strike and dismiss, the plaintiffs filed a Revised Complaint dated April 7, 1992. The defendants have filed a Request to Revise counts two and five, pursuant to Practice book 147 et seq. The defendants argue that paragraph 11 of count two, which alleges negligence on the part of the defendants, premised on violations of General Statutes 22a-427, 22a-422, 22a-430,22a-451, and 22a-452, should be deleted. The defendants also argue that paragraph 8 of count five, which alleges nuisance based on violations of General Statutes 22a-427, 22a-422,22a-450 and 22a-451, should be deleted. The defendants argue CT Page 6278 that these two paragraphs should be deleted because in the court's memorandum of decision on the motion to dismiss, dated March 26, 1992, the court found that no private cause of action existed for violations of these statutes which included actions based on negligence and nuisance. The plaintiffs argue that the negligence action and nuisance action should remain because the court found that no statutory cause of action existed for violations of these statutes and not that no private cause of action existed.
The court in Connecticut Light Power Co. v. Knight,3 CSCR 600 (June 16, 1988, Noren, J.), discussed whether a motion to strike, a count based on negligence per se for a violation of General Statutes 22a-451, should be granted. The court concluded that since no private cause of action existed for a violation of 22a-451, an action predicated on negligence per se did not exist and therefore granted the motion to strike that count.
This court found that no private cause of action was found to exist based on the statutes in question. (Andrews v. Caron Brothers, Inc, Memorandum of Decision on Motion to Dismiss, March 26, 1992). The plaintiffs have attempted to circumvent the court's decision by pleading negligence per se and nuisance. Since this court has already determined that no private cause of action for violations of the statutes in question exists, no negligence or nuisance cause of action exists. Cf. Connecticut Light Power Co. v. Knight,3 CSCR 600 (June 16, 1988, Noren, J.). Therefore the defendants' Request to Revise count two, paragraph 11, and count five, paragraph 8, by deleting both paragraphs, is granted.
BY THE COURT, Honorable Robert McWeeny, J.